AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Alexandr~~~~~

08 CRIM 596

UNITED STATES OF AMERICA

v.                                          Case Number 1:06CR00229-001

**ARJUN SAHGAL**                            USM Number 71351-083
a/k/a "RJ"
                                            
Defendant.                                  FILED
                                            SEP 1 9 2006
                                            U.S. DISTRICT COURT
                                            ALEXANDRIA, VIRGINIA

## JUDGMENT IN A CRIMINAL CASE

The defendant, ARJUN SAHGAL, was represented by James C. Clark, Esquire.

The defendant pleaded guilty to count(s) 1. Accordingly, the defendant is adjudged guilty of the following count(s), involving the indicated offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) and 846 | Conspiracy to distribute 100 kilos or more of marijuana (Schedule I) (Felony) | May 2006 | 1 |

As pronounced on September 15, 2006, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this **19th** day of September 2006

Gerald Bruce Lee
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 0 2 2008

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

CLERK

16

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 2 - Imprisonment

Defendant: ARJUN SAHGAL
Case Number: 1:06CR00229-001

Judgment--Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THIRTY-SEVEN (37) MONTHS with credit for time served.

The court makes the following recommendations to the Bureau of Prisons:
The Court recommends designation to the 500 hour Intensive Drug Treatment Program.
The Court further recommends designation to either FCI, McKoen, PA or FCI, Fairton, NJ.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

Mailed: _____
c: P.O. (2) (3)
   Mshl. (4) (2)
   U.S.Atty.
   U.S.Coll.
   Dft. Cnsl.                    By  _____
   PTS                                      Deputy Marshal
   Financial
   Registrar
   ob

_____
United States Marshal

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 3 - Supervised Release

Defendant: ARJUN SAHGAL
Case Number: 1:06CR00229-001

Judgment--Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

While on supervised release, the defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B (Rev. 12/03)(EDVA rev.1) Sheet 3 - Supervised Release

Defendant: ARJUN SAHGAL
Case Number: 1:06CR00229-001

Judgment--Page 4 of 7

## STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below):

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 3/99)(EDVA rev.) Sheet 3 (cont'd) - Supervised Release

Defendant: ARJUN SAHGAL
Case Number: 1:06CR00229-001

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1) The defendant shall participate in a program approved by the Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

2) The defendant shall exhibit uniform good behavior.

3) The defendant shall obtain and maintain gainful, verifiable employment.

4) The defendant shall pay all income taxes due and owing.

AO 245BS (Rev. 12/03)(EDVA rev.) Sheet 5    Criminal Monetary Penalties

Defendant:  ARJUN SAHGAL
Case Number: 1:06CR00229-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total monetary penalties under the schedule of payments on Schedule of Payment - Sheet 6.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | | |
| **Total** | **$100.00** | | |

### FINE

No fines have been imposed in this case.

AO 245b (Rev. 12/03)(EDVA rev.) Sheet 6 - Schedule of Payment

Judgment--Page 7 of 7

Defendant:  ARJUN SAHGAL
Case Number: 1:06CR00229-001

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.